UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT MICHAEL WATERS JR.,<br><br>Defendant | Criminal Case No. 1:23-cr-66-SE-TSM-01<br><br>Count 1: Wire Fraud<br>(18 U.S.C. §§ 1343)<br><br>Count 2: Theft of Government Funds<br>(18 U.S.C. § 641)<br><br>Count 3: Money Laundering<br>(18 U.S.C. § 1957) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
Wire Fraud
[18 U.S.C. §§ 1343]

1. At all times material to this indictment, the defendant, ROBERT MICHAEL WATERS JR., was a resident of New Hampshire.

2. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.

CARES Act EIDL Program

3. In or around March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of Americans suffering adverse economic effects caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and expanded existing programs, including programs created or administered by the SBA.

4. One source of financial assistance provided by the CARES Act is the Economic Injury Disaster Loan ("EIDL") program. The EIDL program provides low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The EIDL program is administered by the SBA.

5. The CARES Act authorizes the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic.

6. To obtain an EIDL, a qualifying business is required to apply to the SBA and provide information about its operations, such as the number of employees, the entity's gross business revenues, and cost of goods sold in the 12 months prior to January 31, 2020. The amount of the loan, if approved, is determined based, in part, on the information provided concerning the number of employees, gross revenue, and cost of goods.

7. Any funds issued under an EIDL are issued directly by the SBA. The authorized use of EIDL proceeds, as described by the SBA, is for working capital and normal operating expenses. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

8. EIDL modification applications and loan authorization and agreements and other documents submitted to the SBA are received by a cloud-based platform through a server located in Des Moines, Iowa.

<u>The Scheme and Artifice to Defraud</u>

9. Between in or around April 7, 2020, and continuing through in or around May 1, 2023, in the District of New Hampshire and elsewhere, the defendant,

ROBERT MICHAEL WATERS JR. ("WATERS"),

knowingly and willfully executed a scheme and artifice to defraud the SBA and to obtain money

by means of false and fraudulent pretenses, representations, and promises.

10. The SBA received an application for an EIDL on behalf of Westville Remarketing Inc. on April 7, 2020 requesting the amount of $40,000. Tax documents list WATERS as the president of Westville Remarketing Inc. Documents submitted to the SBA in connection with the EIDL application list WATERS as a 50% owner of Westville Remarketing Inc., and list Westville Remarketing Inc.'s business activity as "Import/Export" and its industry as "Wholesale."

11. The SBA approved the EIDL application, and subsequently deposited that money into an account controlled by WATERS.

12. On December 27, 2021, WATERS applied for a modification to the original EIDL from the SBA on behalf of Westville Remarketing Inc. to increase the amount of the loan by approximately $343,800. On January 3, 2022, WATERS signed and submitted to the SBA an Amended Loan Authorization and Agreement and other documents in connection with that EIDL modification.

13. WATERS signed and submitted the aforementioned EIDL modification application, Amended Loan Authorization and Agreement and other related documents using the internet.

14. WATERS represented and certified in the Amended Loan Authorization and Agreement he electronically signed and submitted on January 3, 2022 in connection with the EIDL modification that "Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and for loans of more than $25,000 to pay Uniform Commercial Code (UCC) lien filing fees and a third-party UCC handling charge of $100 which will be

deducted from the Loan amount," as stated in that agreement.

15. This agreement by the borrower regarding the use of loan proceeds in the Amended Loan Authorization and Agreement is a condition for the borrower's receipt of EIDL, and therefore, material to the SBA in determining whether to approve an EIDL modification.

16. On January 10, 2022, after approving the EIDL application and receiving the Amended Loan Authorization and Agreement electronically signed by WATERS and other related documents, the SBA deposited $343,800 in a Lowell Five Cent Savings Bank ("Lowell Five") account associated with Westville Remarketing Inc. ending in the numbers 3580, for which WATERS was the sole signer. Lowell Five bank accounts are insured by the Federal Deposit Insurance Corporation ("FDIC").

17. On February 15, 2022, just over one month after receiving the EIDL proceeds from the SBA, WATERS transferred $340,000 of the EIDL proceeds from Westville Remarketing Inc.'s Lowell Five bank account ending in numbers 3580 to a Lowell Five bank account in the name of AMC Financial Services Inc. ending in numbers 8367, controlled by WATERS. Contrary to WATERS' representation in signing the Amended Loan Authorization and Agreement for the EIDL modification, and as described further below, this transfer was not conducted for purposes of working capital or normal operating expenses of Westville Remarketing Inc.

18. Separately, on February 15, 2022, $130,000 was transferred from a bank account controlled by WATERS associated with a business entity called AMCO Realty Holdings LLC, to the Lowell Five bank account of AMC Financial Services Inc. ending in numbers 8367 to which the EIDL proceeds had been transferred.

19. Later that same day, WATERS conducted an outgoing wire transfer from the

Lowell Five bank account of AMC Financial Services Inc. ending in numbers 8367 to an individual with a Bank of America account ending in numbers 6684 in the amount of $501,783.33 for the purchase of a 2008 62E Azimut yacht called "Alisa." Bank of America is an FDIC-insured bank. The purchase of this yacht was not for working capital or normal operating expenses of Westville Remarketing Inc.

20. The listed owner of the yacht "Alisa" in registration paperwork submitted to the U.S. Coast Guard is a business entity called Waters Edge Marinas LLC. WATERS had created this business entity on December 31, 2021, four days after applying for the $343,800 EIDL modification from SBA, and four days prior to signing the Amended Loan Authorization and Agreement for that modification. WATERS is the sole person listed as the manager of the business entity.

<u>The Wire Fraud Offense</u>

21. On or about the dates listed below, in the District of New Hampshire and elsewhere, for the purpose of executing the scheme to defraud, the defendant transmitted and caused the transmission of writings, signs, and signals in interstate commerce by sending the wire transmissions listed below to the SBA to and through locations outside of New Hampshire.

| Date of Signed Amended Loan Authorization and Agreement | EIDL | Applicant/Signer | Listed Business | Lender | Wire | Amount Awarded |
|---|---|---|---|---|---|---|
| 1/3/2022 | EIDL | Waters | Westville Remarketing Inc. | SBA | Amended Loan Authorization and Agreement Submitted to SBA | $343,800 |

All in violation of Title 18, United States Code, Sections 1343.

## COUNT TWO
Theft of Government Funds
[18 U.S.C. § 641]

22.     The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

23.     On or about February 15, 2022, in the District of New Hampshire and elsewhere, the defendant,

ROBERT MICHAEL WATERS JR.,

knowingly and willfully embezzled, stole, purloined, and converted to his own use and the use of another, money belonging to the United States and a department and agency thereof in an amount greater than $1,000, namely, $340,000 in EIDL proceeds that he spent on a yacht.

All in violation of Title 18, United States Code, Section 641.

## COUNTS THREE AND FOUR
Unlawful Monetary Transactions Over $10,000
[18 U.S.C. § 1957]

24.     The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

25.     On or about February 15, 2022, in the District of New Hampshire and elsewhere, the defendant

ROBERT MICHAEL WATERS JR.

knowingly engaged and attempted to engage in the monetary transactions listed below by or through or to a financial institution, affecting interstate commerce, in criminally derived property

of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud and theft of government funds, as alleged in Counts One and Two of the indictment, in violation of Title 18, United States Code, Section 1344.

| COUNT | MONETARY TRANSACTION |
|---|---|
| 3 | Transfer of $340,000 in EIDL proceeds from Westville Remarketing Inc.'s Lowell Five bank account ending in numbers 3580 to a Lowell Five bank account of AMC Financial Services Inc. ending in numbers 8367. |
| 4 | Wire transfer of $501,783.33, including $340,000 in EIDL proceeds comingled with other assets, from AMC Financial Services Inc.'s Lowell Five bank account ending in numbers 8367 to an individual's Bank of America account ending in numbers 6684 for the purchase of a 62E Azimut Yacht called "Alisa." |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses set forth in Counts One and Two of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including a sum of money equal to the proceeds of the charged offenses.

Upon conviction of one or more of the offenses set forth in Counts Three and Four, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction

of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.


Dated:  August 2, 2023                                       A TRUE BILL

                                                                                             /s/ Foreperson
                                                                                             FOREPERSON

JANE E. YOUNG
UNITED STATES ATTORNEY


By:    /s/ Aaron G. Gingrande
       Aaron G. Gingrande
       Assistant U.S. Attorney